**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1     Carl G. Wilkerson, Sr.
                 First Name          Middle Name          Last Name

Debtor 2     _____
(filing spouse)  First Name          Middle Name          Last Name

Case Number:  17-10468

☐ Check if this modification is filed prior to filing of TRCC.

☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period

☒ Check if this modification is filed after Benchmark Fee Period.

List the sections which have been changed by this modification:

4.6

**TXEB Local Form 3015-d**

# SECOND MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

.................................................................................................................................................................Adopted: Dec 2017

**TO THE HONORABLE JUDGE OF THIS COURT:**

1. This Motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Motion") is filed by the:

   ☒ **Debtor;**[1]        ☐ **Chapter 13 Trustee;**

   ☐ **Unsecured Claimant:**

   for the purpose of modifying certain specified provisions of that Chapter 13 Plan which had previously been confirmed for the Debtor on **7/19/2018 [dkt #35]**. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

   If this Motion is filed by the Debtor, each Debtor:

   ☐ certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

   ☒ declares, under penalty of perjury, that the information contained in Schedule I and Schedule J, as previously filed with the Court, remains true and correct.

   **28-DAY NEGATIVE NOTICE − LBR 3015(h):**

   **Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

   **No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

_____

Debtor   Carl G. Wilkerson, Sr.                                    Case number   17-10468

1 The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

2. This Modification Motion is required *[select all applicable]*:

    ☑ to reconcile the Plan with allowed claims pursuant to the TRCC;

    ☐ to increase the amount of payments required under the Plan;

    ☐ to reduce the amount of payments required under the Plan;

    ☑ to provide for an allowed claim omitted from treatment under the Plan;

    ☐ to extend the time for making payments required under the Plan;

    ☐ to reduce the time for making payments required under the Plan;

    ☐ to surrender collateral pursuant to § 3.6;

    ☐ to cease further plan disbursements to a particular claimant;

    ☐ to cure a delinquency in the plan payments caused by ,

    ☐ to increase the amount of retained income tax refunds authorized under § 2.4;

        **Reason:** ;

    ☐ to seek approval of an additional award of attorney's fees to the Debtor's attorney;

    ☐ Other:

    ☐ to add a nonstandard provision to Part 8 of the Plan *[check box below]*;

3. **Notice to Creditors**: Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| | | |
|---|---|---|
| **Nonstandard provisions as set forth in Part 8.** | ☐ Included | ☑ **Not Included** |

4. The specific modifications to the Debtor's Plan are as follows**:**

    ☑ **§ 2.2** of the Plan regarding regular plan payments [2] is **MODIFIED** in the following respects:

        Beginning on the 30th day after the Petition Date [3] unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term"). The payment schedule shall consist of:

        ☐ **Constant Payments**: The Debtor will pay $_____ per month for _____ months.

        ☑ **Variable Payments** The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

    If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,

Debtor  Carl G. Wilkerson, Sr.                                              Case number  17-10468

- ☐ a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;
- ☐ an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

---

[2] Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.

[3] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☒ **None.**  No additional Cure Claims designated for treatment under **§ 3.2** of the Plan [4]

☐ **No Remaining Claims.**  All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.

☐ **Revised/Additional Cure Claims.**  **§ 3.2** of the Plan regarding the treatment of Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage, the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| Claimant | Collateral/Property Description | Debtor's DPO Amount | Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|

☒ **None.**  No additional 910 Claims designated for treatment under **§ 3.3** of the Plan. [5]

☐ **No Remaining Claims.**  All claims previously listed as a 910 Claim in **§ 3.3** of the Plan have been reclassified.

☐ **Revised/Additional 910 Claims. § 3.3** of the Plan regarding the treatment of 910 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|

☒ **None.**  No additional 506 Claims designated for treatment under **§ 3.4** of the Plan [6]

☐ **No Remaining Claims.**  All claims previously listed as a 506 Claim in **§ 3.4** of the Plan have been reclassified.

☐ **Revised/Additional 506 Claims. § 3.4** of the Plan regarding the treatment of 506 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 506 Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|

---

[4] Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.

[5] Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.

[6] Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a.

☒ **None.** No additional Direct Claims designated for treatment under **§ 3.5** of the Plan. [7]

☐ **§ 3.5** of the Plan regarding the treatment of Direct Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|

| Debtor | Carl G. Wilkerson, Sr. | Case number | 17-10468 |
|---|---|---|---|

☒ **None.** No additional designations for surrender of collateral under **§ 3.6** of the Plan. [8]

☐ **Additional Surrender of Collateral. § 3.6** of the Plan regarding the designation of property to be surrendered is **MODIFIED.** The Debtor surrenders to each additional claimant listed below the property that secures that creditor's claim and requests that, upon the granting of this Modification Motion, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects. Pending the consideration of this Modification Motion, the Trustee shall immediately cease any plan distribution to the additional claimant on account of the allowed secured claim for which the surrendered collateral stands as security. The affected claimant shall have **ninety (90) days after the entry of the order granting this Modification Motion** to file an amended proof of claim regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral. Any such allowed general unsecured claim will thereafter be treated under § 5.2 of the confirmed plan.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| | | |

☒ **None.** No additional DSO Claims designated for treatment under **§ 4.4** of the Plan. [9]

☐ **No Remaining Claims.** All claims previously listed as a DSO Claim in **§ 4.4** of the Plan have been reclassified.

☐ **Revised/Additional DSO Claims. § 4.4** of the Plan regarding the treatment of DSO Claims is **MODIFIED** in the following respects:

---

[7] Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a.

[8] Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a. .

[9] Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| | | |

☐ **None.** No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan. [10]

☐ **No Remaining Claims.** All claims previously listed as a Tax/Other Priority Claim in **§ 4.6** of the Plan have been reclassified.

☒ **Revised/Additional Tax/Priority Claims. § 4.6** of the Plan regarding the treatment of Tax/Other Priority Claims is **MODIFIED** in the following respects:

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| Jefferson County<br><br>☐ Revised Claim<br>☒ Additional Claim | $1,116.87 | $30.41 |

☐ **Part 8** of the Plan is **MODIFIED** with the inclusion of the following Special Provision:x.

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below.  A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it.  *Any nonstandard provision set out elsewhere in this Modification Motion is void.  Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶ 3 of this Modification Motion.***

_____
_____
_____
_____
_____
_____
_____

5. **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

LBR In light of the fact that the Benchmark Fee Period under 2016(h) expired prior to the filing of this motion, the Debtor's attorney _____ requests an additional award of $_____ to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

WHEREFORE, the Movant, as identified in ¶ 1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that, if applicable, any request for additional attorney's fees as set forth in ¶5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

Respectfully submitted,

Barron & Barron, LLP

/s/ Robert W. Barron
_____

Barron & Barron, LLP
24040479
P.O 1347
Nederland, Texas 77627


Phone: (409) 727-0073
Fax: (409) 724-7739

ATTORNEY FOR DEBTOR(S)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

IN RE:  Carl G. Wilkerson, Sr.                                              CASE NO    **17-10468**

                      *Debtor(s)*                                                         CHAPTER    **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | | Payment | Month / Due Date | | Payment | Month / Due Date | | Payment |
|---|---|---|---|---|---|---|---|---|
| 1  | 09/23/2017 | $515.00 | 21 | 05/23/2019 | $535.00 | 41 | 01/23/2021 | $535.00 |
| 2  | 10/23/2017 | $515.00 | 22 | 06/23/2019 | $535.00 | 42 | 02/23/2021 | $535.00 |
| 3  | 11/23/2017 | $515.00 | 23 | 07/23/2019 | $535.00 | 43 | 03/23/2021 | $535.00 |
| 4  | 12/23/2017 | $515.00 | 24 | 08/23/2019 | $535.00 | 44 | 04/23/2021 | $535.00 |
| 5  | 01/23/2018 | $515.00 | 25 | 09/23/2019 | $535.00 | 45 | 05/23/2021 | $535.00 |
| 6  | 02/23/2018 | $515.00 | 26 | 10/23/2019 | $535.00 | 46 | 06/23/2021 | $535.00 |
| 7  | 03/23/2018 | $515.00 | 27 | 11/23/2019 | $535.00 | 47 | 07/23/2021 | $535.00 |
| 8  | 04/23/2018 | $515.00 | 28 | 12/23/2019 | $535.00 | 48 | 08/23/2021 | $535.00 |
| 9  | 05/23/2018 | $515.00 | 29 | 01/23/2020 | $535.00 | 49 | 09/23/2021 | $535.00 |
| 10 | 06/23/2018 | $535.00 | 30 | 02/23/2020 | $535.00 | 50 | 10/23/2021 | $535.00 |
| 11 | 07/23/2018 | $535.00 | 31 | 03/23/2020 | $535.00 | 51 | 11/23/2021 | $535.00 |
| 12 | 08/23/2018 | $535.00 | 32 | 04/23/2020 | $535.00 | 52 | 12/23/2021 | $535.00 |
| 13 | 09/23/2018 | $535.00 | 33 | 05/23/2020 | $535.00 | 53 | 01/23/2022 | $535.00 |
| 14 | 10/23/2018 | $535.00 | 34 | 06/23/2020 | $535.00 | 54 | 02/23/2022 | $535.00 |
| 15 | 11/23/2018 | $535.00 | 35 | 07/23/2020 | $535.00 | 55 | 03/23/2022 | $535.00 |
| 16 | 12/23/2018 | $535.00 | 36 | 08/23/2020 | $535.00 | 56 | 04/23/2022 | $535.00 |
| 17 | 01/23/2019 | $535.00 | 37 | 09/23/2020 | $535.00 | 57 | 05/23/2022 | $535.00 |
| 18 | 02/23/2019 | $535.00 | 38 | 10/23/2020 | $535.00 | 58 | 06/23/2022 | $535.00 |
| 19 | 03/23/2019 | $535.00 | 39 | 11/23/2020 | $535.00 | 59 | 07/23/2022 | $535.00 |
| 20 | 04/23/2019 | $535.00 | 40 | 12/23/2020 | $535.00 | 60 | 08/23/2022 | $535.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

IN RE: §
§
CARL G. WILKERSON, SR. § CASE NO.17-10468
xxx-xx-3820 § CHAPTER 13
8641 7th Street §
Beaumont, TX 77705 §
§
§
§
§
§
§
DEBTOR §

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first class mail, to the following and the attached mailing matrix. This service complies with Local Rules of Bankruptcy Procedure 9013(e).

**John Talton**
110 North College Ave., 12th Floor
Tyler, TX 75702

**Conn Appliances, Inc.**
c/o Becket and Lee LLP
PO Box 3002
Malvern, PA 19355-1245

**Fay Servicing, LLC**
Aldridge Pite, LLP
Attn: Alonzo Z. Casas
4375 Jutland Drive, Ste 200
PO Box 17933
San Diego, CA 92177-0933

**PRA Receivables Management, LLC**
PO Box 41021
Norfolk, VA 23541

**Wilmington Savings Fund Society, FSB**
c/o Alonzo Z. Casas
701 N. Post Road, Suite 205
Houston, TX 77024

**Mr. Carl G. Wilkerson, Sr.**
8641 7th Street
Beaumont, TX 77705

**Jefferson County**
c/o Clayton Mayfield
1148 Park Street
Beaumont, TX 77701-3614

**Jennifer R. Bergh**
The Law Offices of Michelle Ghidotti
600 E John Carpenter Fwy
Suite 200
Irving, TX 75062

**Wilmington Savings Fund Society,**
The Law Office of Michelle Ghidotti
1920 Old Tustin ave.
Santa Ana, CA 92705

/s/ Robert W. Barron
ROBERT W. BARRON

```
Label Matrix for local noticing        Acadian Ambulance                      BSI
0540-1                                  P.O. Box 92970                        P.O. Box 517
Case 17-10468                           Lafayette, LA 70509-2970              Titusville, PA 16354-0517
Eastern District of Texas
Beaumont
Wed Oct  3 13:19:08 CDT 2018

BSI                                     Robert W. Barron                      Barron & Barron, LLP
c/o Weinstein & Riley, P.S.             Barron & Barron LLP                   P.O. Box 1347
6785-4 S. Eastern Ave.                  P.O. Box 1347                         Nederland, Texas 77627-1347
Las Vegas, NV 89119-3947                Nederland, TX 77627-1347


Jennifer R. Bergh                       Alonzo Z. Casas                       Alonzo Z. Casas
The Law Offices of Michelle Ghidotti    701 N Post Road, Suite 205            Aldridge Pite, LLP
600 E John Carpenter Fwy                Houston, TX 77022                     4375 Jutland Dr.
Suite 200                                                                     San Diego, CA 92117-3600
Irving, TX 75062-3985


Cavalry Investments, LLC                Christus St. Elizabeth Hospital       Conn Appliances, Inc.
500 Summit Lake Drive, Ste 400          c/o TLRA                              c/o Becket and Lee LLP
Valhalla, NY 10595-2321                 POB 650576                            PO Box 3002
                                        Dallas, TX 75265-0576                 Malvern, PA 19355-0702


Conn's                                  Fay Services                          Fay Servicing, LLC
c/o Becket & Lee LLP                    440 S. LaSalle St. #2000              Aldridge Pite, LLP
P.O. Box 3002                           Chicago, IL 60605-5011                Attn: Alonzo Z. Casas
Malvern PA 19355-0702                                                         4375 Jutland Drive, Ste 200
                                                                              PO  Box 17933
                                                                              San Diego, CA 92177-7921

Fay Servicing, LLC                      Fay Servicing, LLC                    Internal Revenue Service
Bankruptcy Department                   in c/o ALDRIDGE PITE, LLP             Centralized Insolvency Operations
3000 Kellway Dr., Ste 150               4375 JUTLAND DRIVE, SUITE 200         P.O. Box 7346
Carrollton, TX 75006-3357               P.O. BOX 17933                        Philadelphia, PA 19101-7346
                                        SAN DIEGO, CA 92177-7921


Jefferson County                        Jefferson County                      Jefferson County Tax Office
c/o Clayton Mayfield                    P.O. Box 2112                         c/o Clayton E. Mayfield
1148 Park Street                        Beaumont, TX 77704-2112               Linebarger Goggan Blair & Sampson, LLP
Beaumont, TX 77701-3614                                                       1148 Park St
                                                                              Beaumont, TX 77701-3614


LVNV Funding, LLC its successors and assigns   Lowe's                         MCT Credit Union
assignee of GE Money Bank               c/o LVNC Funding, LLC                 P.O. Box 279
Resurgent Capital Services              P.O. Box 1259                         Port Neches, TX 77651-0279
PO Box 10587                            Oaks, PA 19456-1259
Greenville, SC 29603-0587


Clayton E. Mayfield                     Medical Center of Southeast Texas     PRA Receivables Management, LLC
1148 Park Street                        P.O. Box 846381                       PO Box 41021
Beaumont, TX 77701-3614                 Dallas, TX 75284-6381                 Norfolk, VA 23541-1021


Radiology Associates                    Sharon Wilkerson                      Surgical Critical Care
POB 7369                                8641 7th St.                          P.O. Box 12909
Beaumont, TX 77726-7369                 Beaumont, TX 77705-7857               Beaumont, TX 77726-2909
```

| | | |
|---|---|---|
| John Talton.<br>Plaza Tower<br>110 N. College Ave, 12 Floor<br>Tyler, TX 75702-7226 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United States Attorney's Office<br>350 Magnolia Ave., Ste 150<br>Beaumont, TX 77701-2254 | Walmart<br>c/o LVNC Funding, LLC<br>P.O. Box 1259<br>Oaks, PA 19456-1259 | Carl G. Wilkerson Sr.<br>8641 7th Street<br>Beaumont, TX 77705-7857 |
| Wilmington Savings Fund Society FSB<br>c/o Kondaur Capital Corporation<br>333 South Anita Drive, ste 400<br>Orange CA 92868-3314 | Wilmington Savings Fund Society, FSB<br>c/o Alonzo Z. Casas<br>701 N. Post Road, Suite 205<br>Houston, TX 77022 | Wilmington Savings Fund Society, FSB, d/b/a<br>The Law Office of Michelle Ghidotti<br>1920 Old Tustin ave.<br>Santa Ana, CA 92705-7811 |
| Zerenity Beaumont, LP<br>11233 Shadow Creek Pkwy. #323<br>Pearland, TX 77584-7345 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients    39<br>Bypassed recipients     1<br>Total                  40 |